EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2020 09:35AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV46892

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; OPTUM SERVICES, INC, a Delaware Corporation and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTINE ESPIRITU, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>20STCV46892 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arnab Banerjee, Banner Law Group, P.C., 11755 Wilshire Blvd., Suite 1250, Los Angeles, CA 90025; (323) 426-2992

| DATE: | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|
| *(Fecha)* 12/08/2020 | Clerk, by *(Secretario)* N. Alvarez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Healthcare Services Inc. a Minnesota Corporation
   Under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Ex A - pg 10

Case 2:21-cv-01082-MCS-JPR    Document 1-1    Filed 02/05/21    Page 3 of 25    Page ID
Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2020 09:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV46892

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michelle Williams Court

1     BANNER LAW GROUP, P.C.
Arnab Banerjee (SBN 252618)
2     Arnab@bannerlawgroup.com
11755 Wilshire Blvd., Suite 1250
3     Los Angeles, California 90025
Telephone:    (323) 426-2991
4     Facsimile:     (323) 426-2975

5     Leslie Glyer (SBN 251226)
LESLIE GLYER LAW, P.C.
6     23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
7     Telephone:   (949) 629-2527
Email: leslie@caworkplacerights.com
8

Attorneys for Plaintiff
9     CHRISTINE ESPIRITU

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 12 | Case No.:    20STCV46892 |
| 13   CHRISTINE ESPIRITU, an individual, | **COMPLAINT** |
| 14          Plaintiff, | |
| 15       vs. | (1) DISABILITY DISCRIMINATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940 *et seq.*; |
| 16   UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation; OPTUM | (2) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940 *et seq.*; |
| 17   SERVICES, INC, a Delaware Corporation and DOES 1 through 10, inclusive, | |
| 18 | |
| 19         Defendants. | (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940 *et seq.*; |
| 20 | |
| 21 | |
| 22 | (4) FAILURE TO INVESTIGATE OR PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 *et seq.*; |
| 23 | |
| 24 | |
| 25 | (5) RETALIATION IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 *et seq.*; |
| 26 | |
| 27 | (6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND |
| 28 | (7) VIOLATION OF CALIFORNIA LABOR |

CODE §§ 510 AND 1198 (UNPAID OVERTIME);

(8) VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 512(A), AND 1198 (FAILURE TO PROVIDE MEAL PERIODS);

(9) VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 1198 (FAILURE TO AUTHORIZE AND PERMIT REST PERIODS);

(10) VIOLATION OF CALIFORNIA LABOR CODE §§ 226(A), 1174(D), AND 1198 (NON-COMPLIANT WAGE STATEMENTS);

(11) VIOLATION OF CALIFORNIA LABOR CODE §§ 201 AND 202 (WAGES NOT TIMELY PAID UPON TERMINATION);

(12) VIOLATION OF CALIFORNIA LABOR CODE § 2802 (UNREIMBURSED BUSINESS EXPENSES);

(13) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. (UNLAWFUL BUSINESS PRACTICES); AND

**JURY TRIAL DEMANDED PUNITIVE DAMAGES**

Plaintiff Christine Espiritu ("Plaintiff" or "Ms. Espiritu"), alleges as follows based on knowledge as to herself and her known acts, and on information and belief as to all other matters:

### JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the defendants are doing or did business or reside in Los Angeles County, and/or their principal place of business is in Los Angeles County, in each case, at the times relevant herein. *See also* Govt. Code § 12965(b) (stating venue is appropriate in, *inter alia*, any county in the state in which the unlawful practice is alleged to have been committed).

2.      The amount in controversy in this matter exceeds the jurisdictional limits of this Court, exclusive of interest and costs.

### THE PARTIES

3.      Plaintiff Christine Espiritu is a resident of Los Angeles County, California. Defendants employed Plaintiff first as a Senior Claims Analyst and then as an Audit Consultant in their Los Angeles office from September 2012 until her termination in February, 2020.

4.      Optum Services, Inc. was and is, upon information and belief, a Delaware corporation, with its principal place of business in Los Angeles, California.

5.      United Healthcare Services, Inc. was and is, upon information and belief, a Minnesota corporation, with its principal place of business in Los Angeles, California.

6.      Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of United Healthcare Services, Inc. and / or Optum Services, Inc. at all relevant times.

8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

acts and omissions alleged herein was performed by, or is attributable to, United Healthcare Services, Inc. and / or Optum Services, Inc. and/or DOES 1 through 10 (collectively, "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.   Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

9.    Plaintiff is informed and believes, and alleges that at all times mentioned here, each of the Defendants named, including each defendant sued under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other Defendant with respect to the events and transactions herein alleged, were acting under the color of state law, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of their employment.

8.    Plaintiff is informed and believes, and alleges that at all times mentioned here, (1) Defendants' operations are interrelated in that they share managers and/or personnel, office space, equipment, and often operate as a single unit; (2) Defendants share common management in that the some of the same individuals manage or supervise the different defendants and Defendants have common officers and/or boards of directors; (3) there is centralized control of labor relations in that there is a centralized source for development and implementation of personnel policy and Defendants share human resources personnel or department; and (4) some of the Defendants have ownership and/or financial control over other Defendants.

## GENERAL FACTUAL ALLEGATIONS

11.     Ms. Espiritu began her employment with Defendants on or about September 28, 2012 as an hourly non-exempt Senior Claims Analyst. Her job as a Senior Claims Analyst involved helping internal and external auditors during contract audits.

12.     On or about January, 2019, Ms. Espiritu was promoted to the position of Audit Consultant. Despite the fact that her duties remained the same, but that she worked on larger projects, she was reclassified to an exempt position, and made ineligible for overtime and the other protections non-exempt employees receive.

13.     In early December, 2019, Ms. Espiritu experienced mental and emotional medical issues. On December 8, 2019, Ms. Espiritu woke up paralyzed and went to urgent care. Ms. Espiritu texted her manager David Wong, the Senior Director and Vice President of her division, and told him that she would need a mental health day off, and that she was in urgent care.

14.     That day Kathleen Tilden, one of Ms. Espiritu's managers, called the Newport Beach Police Department to do a wellness check on Ms. Espiritu as she was concerned for her wellbeing. The Newport Beach Police arrived to perform the check but Ms. Espiritu was not home.

15.     On December 9, 2019, Ms. Espiritu requested a medical leave of absence. She emailed her manager David Wong and requested the time off. Mr. Wong, called her back and approved her request. She was told she could use her PTO until December 17, 2019.

16.     On December 12, 2019, Mr. Wong was once again concerned for Ms. Espiritu's wellbeing and called the Irvine Police Department to do another wellness check on her.

17.     On December 18, 2019, Ms. Espiritu was scheduled to return to work, but realized that she was still not medically ready. She attempted to schedule an appointment with her primary care physician but was unable to get an appointment until December 19, 2020.

18.     Ms. Espiritu asked if she could take additional PTO until she was able to see her doctor, and was told that she could not continue to use her PTO but suggested that she take FMLA and/or short term disability leave.

19.     Shortly, thereafter Ms. Espiritu was placed on FMLA leave until March 11, 2020.

20.     On February 7, 2020, while Ms. Espiritu was still on medical leave she was called and told that she was being terminated. Defendants told Ms. Espiritu her position had been eliminated. However, Ms. Espiritu alleges and believes this is false and that it is mere pre-text for discrimination.

## FIRST CAUSE OF ACTION

**Actual and Perceived Disability and Medical Condition Discrimination**

**in Violation of FEHA**

**(On Behalf of Plaintiff Against all Defendants)**

21.     Plaintiff realleges and incorporates by reference the paragraphs above, of this Complaint as though fully set forth herein.

22.     At all times mentioned herein, the California Fair Employment and Housing Act, California Government Code §§ 12940, et seq. ("FEHA"), was in full force and effect and was binding on each Defendant. These statutes provide that it is unlawful for an employer to discriminate against an employee on the basis of a disability. Cal. Govt. Code § 12940(a).

23.     As set forth above, Plaintiff suffered from a disability and medical condition and/or Defendants perceived that Plaintiff suffered from a disability and/or medical condition that limited her ability to work.

24.     Plaintiff suffered adverse employment actions as described above when Defendants discriminated against Plaintiff on the basis of her actual and/or perceived disability and medical condition by, among other things, denying her work and terminating her employment.

25.     Plaintiff is informed and believes and based thereon alleges that her actual and/or perceived disability and/or medical condition was a substantial motivating reason for Defendants' adverse employment actions against her.

26.     The acts and conduct of Defendants constitute "malice," "oppression," and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that these acts were intended by Defendants to cause injury to Plaintiff and/or constituted despicable conduct carried

1  on by Defendants with willful and conscious disregard of the rights of Plaintiff.

2       27.    The acts of Defendants were done fraudulently, maliciously and oppressively and

3  with the advance knowledge, conscious disregard, authorization, ratification or act of

4  oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers,

5  directors, or managing agents of the corporation, including the acts Plaintiff's supervisors and

6  Defendant's officers and employees. The actions and conduct of Defendant were intended to

7  cause injury to Plaintiff and constituted deceit and concealment of material facts known to

8  Defendants with the intention of Defendants to deprive Plaintiff of her property and legal rights,

9  justifying an award of exemplary and punitive damages in an amount according to proof.

10      28.    As a proximate result of Defendants conduct, Plaintiff suffered and continues to

11  suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss

12  according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional

13  injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock,

14  pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained

15  at trial.

16      29.    The FEHA provides for an award of reasonable attorneys' fees and costs incurred

17  by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and

18  will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has

19  incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an

20  award of attorneys' fees and costs.

21      30.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

22  of this Court.

23                    **SECOND CAUSE OF ACTION**

24            **(Failure to Accommodate Disability in Violation of FEHA)**

25               **(On Behalf of Plaintiff Against All Defendants)**

26      31.    Plaintiff realleges and incorporates by reference the paragraphs above, of this

27  Complaint as though fully set forth herein.

28      32.    At times relevant, Plaintiff was an employee of Defendants with certain

Page 5

Ex A - pg 17

1    disabilities which are protected under FEHA.

2         33.    California Government Code section 12940(m) makes it unlawful "[f]or an

3    employer or other entity…to fail to make reasonable accommodation for the known physical or

4    mental disability of an applicant or employee."

5         34.    As more fully set forth in the paragraphs above, Plaintiff was disabled while

6    employed by Defendants. Defendants knew and/or treated Plaintiff as if she had a disability.

7         35.    Plaintiff was willing and able to perform the essential job duties of her position

8    if a reasonable accommodation had been made by Defendants. At no time would the

9    performance of the functions of the employment position, with a reasonable accommodation for

10   Plaintiff's disability, have been a danger to Plaintiff's or any other person's health or safety, nor

11   would it have created an undue hardship to the operation of Defendants' business. However,

12   instead of accommodating her disabilities, Defendants refused to allow Plaintiff to work and

13   eventually terminated her employment.

14        36.    As a proximate result of the conduct of Defendants, Plaintiff suffered and

15   continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other

16   pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical

17   and emotional injuries, including nervousness, humiliation, depression, anguish,

18   embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's

19   damages will be ascertained at trial.

20        37.    The act of oppression, fraud, and/or malice were engaged in by employees and

21   Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each

22   employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or

23   ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

24   personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious

25   disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed

26   by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff

27   to punitive and exemplary damages against Defendants in accordance with California Civil

28   Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

COMPLAINT FOR DAMAGES                    Ex A - pg 18

38.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

39.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION

**(Failure to Engage in the Interactive Process in Violation of FEHA)**

**(On Behalf of Plaintiff Against All Defendants)**

40.    Plaintiff realleges and incorporates by reference the paragraphs above, of this Complaint as though fully set forth herein.

41.    California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

42.    California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

43.    As more fully set forth above, Plaintiff was disabled while employed by Defendants.

44.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made. However, instead of engaging in a timely good faith process with Plaintiff to determine effective reasonable accommodations as required by California Government Code sections 12940(n) and 12926.1(e), Defendants did not allow

1    Plaintiff to work and eventually terminated him.

2        45.    Had Defendants engaged in a timely good faith interactive process, there were

3    available reasonable accommodations which would have accommodated Plaintiff's disabilities

4    and allowed her to continue to work with Defendants.

5        46.    As a proximate result of the conduct of Defendants, Plaintiff suffered and

6    continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other

7    pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical

8    and emotional injuries, including nervousness, humiliation, depression, anguish,

9    embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's

10   damages will be ascertained at trial.

11       47.    The act of oppression, fraud, and/or malice were engaged in by employees and

12   Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each

13   employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or

14   ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

15   personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious

16   disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed

17   by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff

18   to punitive and exemplary damages against Defendants in accordance with California Civil

19   Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

20       48.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

21   a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will

22   continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has

23   incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an

24   award of attorneys' fees and costs.

25       49.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

26   of this Court.

27

28

COMPLAINT FOR DAMAGES                    Ex A - pg 20

### FOURTH CAUSE OF ACTION

**(Failure to Investigate Prevent Discrimination in Violation of the FEHA)**

**(On Behalf of Plaintiff Against all Defendants)**

50.     Plaintiff realleges and incorporates by reference the paragraphs above, of this Complaint as though fully set forth herein.

51.     California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." This provision also makes it unlawful for an employer to fail to prevent retaliation. *See, e.g., Ortiz v. Georgia Pacific* (E.D. Cal. 2013) 973 F.Supp.2d 1162, 1184 (citing *Taylor v. City of Los Angeles Dep't of Water & Power* (2006) 144 Cal.App.4th 1216, 1240). Defendants violated this provision by failing to investigate, and/or prevent disability discrimination against Plaintiff as described in the paragraphs above. Specifically, Defendants knew or should have known of discrimination against Plaintiff yet failed to take any prompt remedial action or other adequate measures.

52.     As a proximate result of Defendants Plaintiff suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

53.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

54.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

COMPLAINT FOR DAMAGES

Ex A - pg 21

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (Against All DEFENDANTS)

71.     Plaintiff realleges the allegations in Paragraphs 1 through 70, inclusive, and hereby incorporates them by reference as though fully set forth.

72.     At all times herein mentioned, FEHA was in full force and effect and was binding on each Defendant.   These sections required Defendants, and each of them, to refrain from retaliating against Plaintiff because he participated in a protected activity.   Cal. Govt. Code § 12940, *et seq.*

73.     Plaintiff participated in the protected activities of requesting and taking time-off for her disabilities and medical conditions and requesting.

74.     Plaintiff suffered adverse employment actions as described above when Defendants retaliated against Plaintiff on the basis of him protected activities by, among other things, denying her reasonable accommodation and a good faith interactive process, denying her a lawful good faith investigation, denying her work, and ultimately terminating her employment.

75.     Plaintiff is informed and believes and based thereon alleges that her protected activities of requesting and taking time-off for her disabilities and medical conditions and requesting, were substantial motivating reasons for Defendants performing the aforementioned adverse employment actions.

76.     This retaliation violates California Government Code § 12940, and was a substantial factor in causing damage and injury to Plaintiff, as alleged herein.

77.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff has sustained and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

78.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendants, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress.

COMPLAINT FOR DAMAGES

Ex A - pg 22

79.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

80.    The acts and conduct of Defendants constituted "malice," "oppression," and/or "fraud" (as those terms are defined in California Civil Code Section 3294(c)), in that these acts were intended by Defendants to cause injury to Plaintiff and/or constituted despicable conduct carried on by Defendants with willful and conscious disregard of the rights of Plaintiff.

81.    The acts of Defendants were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code Section 3294 on the part of Defendants' officers, directors, or managing agents of their corporations, including the acts Plaintiff's supervisors and Defendants' officers and employees. The actions and conduct of the Defendants were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants with the intention of the Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

82.    As a further direct, legal, and proximate result of the conduct of Defendants, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public

### (On Behalf of Plaintiff Against All Defendants)

55.    Plaintiff realleges and incorporates by reference the paragraphs above, inclusive, of this Complaint as though fully set forth herein.

56.    As set forth in the paragraphs above, Plaintiff's employment was terminated because of her actual and/or perceived disability and her use of FMLA leave.

57.    Thus, Defendants terminated Plaintiff's employment in violation of important and well-established public policies, set forth in various state statutes and Constitutional provisions including but not limited to the Fair Employment & Housing Act, the California Constitution, Labor Code sections 232.5 and 1102.5, and the California Family Rights Act.

Ex A - pg 23

58.    As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

59.    The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

60.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

61.    Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

62.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

63. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

64. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

65. The applicable IWC Wage Order further provides that Defendants are and were required to pay employees working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including shift differential pay, cash-in-lieu of benefits payments, non-discretionary bonuses, and incentive pay.

66. California Labor Code section 510 codifies the right to overtime compensation at one and one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

67. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff by misclassifying her as an exempt employee. Thus, Defendants failed to record or pay Plaintiff overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

68. Because Plaintiff regularly worked more than eight (8) hours a day or more, twelve (12) hours a day or more, or forty (40) hours a week or more, some of twork work qualified for overtime premium pay. Therefore, Plaintiff was not paid overtime wages for all

1   of the overtime hours they actually worked. Defendants' failure to pay Plaintiff the balance of

2   overtime compensation, as required by California law, violates the provisions of California

3   Labor Code sections 510 and 1198.

4        69.    Defendants' failure to pay Plaintiff the balance of overtime compensation and

5   failure to include all applicable remuneration in calculating the regular rate of pay for overtime

6   pay, as required by California law, violates the provisions of California Labor Code sections

7   510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover

8   her unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

9   **EIGHTH CAUSE OF ACTION**

10  **Violations of California Labor Code, §§ 226.7, 512(a), and 1198 —Meal Period**

11  **Violations**

12  **(Against all Defendants)**

13       70.    Plaintiff incorporates by reference and re-allege as if fully stated herein each and

14  every allegation set forth above.

15       71.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

16  California Labor Code sections 226.7, 512(a), and 1198 were applicable to Plaintiff's

17  employment by Defendants.

18       72.    At all relevant times herein set forth, California Labor Code section 512(a)

19  provides that an employer may not require, cause, or permit an employee to work for a period

20  of more than five (5) hours per day without providing the employee with a meal period of not

21  less than thirty (30) minutes, except that if the total work period per day of the employee is not

22  more than six (6) hours, the meal period may be waived by mutual consent of both the employer

23  and the employee. Under California law, first meal periods must start after no more than five

24  hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

25       73.    At all relevant times herein set forth, California Labor Code sections 226.7 and

26  512(a) provide that no employer shall require an employee to work during any meal period

27  mandated by an applicable order of the IWC.

28       74.    At all relevant times herein set forth, Labor Code sections 226.7, 512(a), and

COMPLAINT FOR DAMAGES                    Ex A - pg 26

1198 and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

75.    As stated, of Defendant's misclassification, Defendants did not provide Plaintiff meal periods or meal period premium wages.

76.    Further, Defendants had no policy for permitting Plaintiff to take second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. Plaintiff did not receive second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.

77.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), and 1198. Plaintiff is therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that they were not provided a compliant meal period.

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 1198 —Rest Period Violations

### (Against all Defendants)

78.    Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

79.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff employment by Defendants.

80.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

COMPLAINT FOR DAMAGES

Ex A - pg 27

1   hours or major fraction thereof" unless the total daily work time is less than three and one-half

2   (3½) hours.

3       81.   At all relevant times, California Labor Code section 226.7 provides that no

4   employer shall require an employee to work during any rest period mandated by an applicable

5   order of the California IWC. To comply with its obligation to provide rest periods under

6   California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must

7   "relinquish any control over how employees spend their break time, and relieve their employees

8   of all duties—including the obligation that an employee remain on call. A rest period, in short,

9   must be a period of rest." Augustus, et al. v. ABM Security Services, Inc., 2 Cal. 5th 257, 269-

10   270 (2016).

11       82.   Pursuant to the applicable IWC Wage Order and California Labor Code section

12   226.7(b), Plaintiff was entitled to recover from Defendants one (1) additional hour of pay at

13   their regular rates of pay for each work day that a required rest period was not authorized and

14   permitted.

15       83.   During the relevant time period, Defendants' misclassification of Plaintiff

16   resulted in her not being authorized and permitted to take rest periods in compliance with the

17   California Labor code and the applicable IWC wage order..

18       84.   Pursuant to the applicable IWC Wage Order and California Labor Code section

19   226.7(b), Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at the

20   employee's regular rate of compensation for each work day that the rest period was not

21   authorized and permitted.

22                 **TENTH CAUSE OF ACTION**

23   **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

24                     **Statements**

25                  **(Against all Defendants)**

26       85.   Plaintiff incorporates by reference and re-allege as if fully stated herein each and

27   every allegation set forth above.

28       86.   At all relevant times herein, California Labor Code section 226(a) provides that

1   every employer shall furnish each of his or her employees an accurate and complete itemized

2   wage statement in writing, including, but not limited to, the name and address of the legal entity

3   that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable

4   rates of pay.

5        87.    During the relevant time period, Defendants have knowingly and intentionally

6   provided Plaintiff with uniform, incomplete, and inaccurate wage statements.   Specifically,

7   Plaintiffs wage statements fail to correctly list: gross wages earned; total hours worked; net

8   wages earned; and all applicable hourly rates in effect during the pay period, including overtime

9   rates of pay, and the corresponding number of hours worked at each hourly rate.

10        88.    Plaintiff is entitled to recover from Defendants the greater of their actual damages

11   caused by Defendants' failure to comply with California Labor Code section 226(a), or an

12   aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

13   **ELEVENTH CAUSE OF ACTION**

14   **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

15   **Termination**

16   **(Against all Defendants)**

17        89.    Plaintiff incorporates by reference and re-allege as if fully stated herein each and

18   every allegation set forth above.

19        90.    This cause of action is dependent upon, and derivative of, the overtime wages,

20   minimum wages, and meal and rest period premium wages that were not timely paid to Plaintiff

21   upon her termination.

22        91.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide

23   that if an employer discharges an employee, the wages earned and unpaid at the time of

24   discharge are due and payable immediately, and that if an employee voluntarily leaves his or

25   her employment, his or her wages shall become due and payable not later than seventy-two (72)

26   hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his

27   or her intention to quit, in which case the employee is entitled to his or her wages at the time of

28   quitting.

92.     During the relevant time period, Defendants willfully failed to pay Plaintiff the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

93.     Defendants' failure to pay Plaintiff their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.   Plaintiff is therefore entitled to recover from Defendants the statutory penalty wages for each day she was not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## TWELFTH CAUSE OF ACTION

### Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses

### (Against all Defendants)

94.     Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

95.     At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.   The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.   *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

96.     During the relevant time period, Defendant failed to pay for Plaintiff's home internet and computer expenses and cell phone expenses in violation of California Labor Code section 2802.

97.     Plaintiff is entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

COMPLAINT FOR DAMAGES

Ex A - pg 30

## THIRTEENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* –

### Unlawful Business Practices

### (Against all Defendants)

98.    Plaintiff incorporates by reference and re-allege as if fully stated herein each and every allegation set forth above.

99.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

100.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, and to the general public.  Plaintiffs have suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

101.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

102.    A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

    a.    Requiring Plaintiff to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order, as alleged herein;

    b.    Failing to provide uninterrupted meal and rest periods to Plaintiff in violation of California Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Order, as alleged herein;

    c.    Failing timely to pay all earned wages to Plaintiff in violation of California Labor Code section 204 and the applicable IWC Order, as set

1  forth below;

2  d. Failing to provide Plaintiff with accurate wage statements and failing to

3   maintain accurate payroll records in violation of California Labor Code

4   sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged

5   herein;

6  e. Failing to reimburse Plaintiff for all business expenses necessarily

7   incurred in violation of California Labor Code section 2802, as alleged

8   herein; and

9  103. As a result of the violations of California law herein described, Defendants

10 unlawfully gained an unfair advantage over other businesses. Plaintiff has suffered pecuniary

11 loss by Defendants' unlawful business acts and practices alleged herein.

12  104. Pursuant to California Business & Professions Code sections 17200 et seq.,

13 Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a

14 period that commences four years prior to the filing of this complaint; a permanent injunction

15 requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees

16 pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and

17 an award of costs.

18        **REQUEST FOR JURY TRIAL**

19  Plaintiff requests a trial by jury.

20        **PRAYER FOR RELIEF**

21  Plaintiff, prays for relief and judgment against Defendants, jointly and severally, as

22 follows:

23  1. For general, compensatory, and economic damages according to proof;

24  2. For non-economic damages according to proof;

25  3. For prejudgment interest;

26  4. For reasonable attorneys' fees pursuant to Labor Code Section 218.5, 226, 1194,

27   1197, 1198.5, and 2802 and California Civil Code §1021.5;

28

COMPLAINT FOR DAMAGES      Ex A - pg 32

5.   Penalties and premiums available under applicable law, including Labor Code
     Sections 203, 226, 226.3, and 226.7;

6.   For statutory penalties for their unfair business practices pursuant to California
     Business and Professions Code section 17206, according to proof at trial;

7.   For injunctive relief to the extent permitted by law including, but not limited to, as
     provided by the Labor Code § 226(h), *et seq.* and California Business and
     Professions Code §17200, *et seq.*;

8.   For costs of suit herein incurred; and

9.   For such other relief as the Court deems proper.

DATED: December 4, 2020                    LESLIE GLYER LAW, P.C.
                                           BANNER LAW GROUP, P.C.


                          By:   _____
                                Leslie Glyer
                                Arnab Banerjee

                                Attorneys for Plaintiff
                                CHRISTINE ESPIRITU

Page 21

COMPLAINT FOR DAMAGES

Ex A - pg 33